CHARLES CALANDRA, Plaintiff, *v.* JAMES P. WUCHER, Defendant.

Supreme Court, Special Term, Queens County, September 4, 1952.

*Jerome Kern* for plaintiff.

*William S. O'Connor* and *David C. Daland* for defendant.

STODDART, J. Two motions.

These motions involve rule 121-a of the Rules of Civil Practice. The defendant simultaneously with the service of his answer served a notice of examination to take the plaintiff's testimony thirty-seven days later. The day following receipt of the answer, the plaintiff served a notice to take the defendant's testimony thirteen days after the date of the notice — or twenty-three days prior to the examination date provided in the defendant's notice.

The defendant urges that the plaintiff may not have an examination prior to the defendant's, but that both examinations must be held on the same date with the defendant's examination

of the plaintiff to be held first because he served his notice first.

The plaintiff contends (1) that a notice of examination served with the answer is served prematurely for rule 121-a provides that the notice be served " at any time *after* service of an answer " (emphasis supplied) and (2) that the defendant's testimony need not be taken by the plaintiff on a date selected by the defendant.

I am inclined to agree with the plaintiff that service of the notice with the answer is premature. It would be possible under such practice for defendants to have absolute priority in their examinations and that certainly could not have been intended by the Justices of the Appellate Division. Moreover, assuming a notice is served after the answer, I do not believe the party named therein is required to examine the party serving the notice on the same date. It might be that it would be inconvenient for the party first examined to conduct an examination of his adversary at that time. I believe it was merely intended that a party who was to be examined could if he so desired have an examination of his opponent at the same time upon five days' notice. Here the defendant's notice provided for an examination thirty-seven days after service of said notice. It would be unreasonable to make the plaintiff wait thirty-seven days or any other lengthy period. Likewise, it would be unreasonable to hold that a party was barred from examining his opponent merely because he was not ready to proceed or did not realize the necessity for an examination until his own examination had been held.

Accordingly, I hold (1) that the defendant's notice was served prematurely; (2) that the examinations shall be held on September 18, 1952, or some date agreeable to counsel, with the plaintiff's examination of the defendant to be held first.

Settle orders on notice.